# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:  Case No.  A06-00455-DMD

MARK J.  AVERY,

        Debtor.

Chapter 7

> **Filed On
> 4/1/11**

---

WILLIAM M.  BARSTOW, TRUSTEE
and SECURITY AVIATION, INC., an
Alaska corporation,

        Plaintiffs,

    v.

INGALDSON MAASEN &
FITZGERALD, P.C.,

        Defendant.

Adversary No.  A08-90039-DMD

## SUPPLEMENT TO SUMMARY JUDGMENT MEMORANDUM

For the purpose of clarifying the issues which remain for trial in this adversary proceeding, this court hereby files the following supplement to its Summary Judgment Memorandum.

First, the issue of Security Aviation's insolvency during 2006 was discussed on page 41 of the Summary Judgment Memorandum.  I found that Security Aviation was insolvent in 2006 when transfers were made from IMF's trust account to pay for its legal fees.  This is a material fact, not genuinely in dispute, which the court will treat as established in this case.[1]

---

[1] Fed. R. Civ. P. 56(g).

Second, the transfers at issue as to the plaintiffs' seventh cause of action (constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B)), are limited to the eight transfers made from IMF's trust account *after* IMF's receipt of the Security Aviation funds from Stockler but *before* the filing of Security Aviation's chapter 11 petition, for payment of IMF's fees and expenses.  These transfers include:[2]

| Date of Payment | Amount of Payment |
|---|---|
| June 11, 2006 | $50,370.55 |
| July 14, 2006 | $2,388.50 |
| August 14, 2006 | $5,104.11 |
| September 13, 2006 | $2,201.06 |
| September 21, 2006 | $3,350.87 |
| October 22, 2006 | $2,425.00 |
| November 14, 2006 | $6,361.02 |
| December 14, 2006 | $8,707.94 |
| TOTAL: | $80,909.05 |

The transfers which predated IMF's receipt of the $150,000.00 will not be considered, as these transfers were made from the initial $50,000.00 IMF received, indirectly, from Avery & Associates.  The plaintiffs did not seek recovery of the $50,000.00 retainer under any theory of recovery pled in their amended complaint.

Further, if all or any portion of the eight transfers listed above are found to be fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), IMF is the initial transferee of such transfers under 11 U.S.C. § 550(a)(1).  Although IMF received the $150,000.00 retainer indirectly from Security Aviation (first the funds were placed into Stockler's trust account,

---

[2] *See* Spraker Decl. (Docket No. 26), Ex. B.

2

and then into IMF's trust account), neither Stocker nor IMF had dominion over Security Aviation's funds while they were being held in the trust accounts.[3]  Only when IMF transferred funds from its trust account in payment of its fees did it acquire dominion over the funds.  This is the point at which IMF became an initial transferee under § 550(a)(1).  A trustee's right to recover from an initial transferee under § 550(a)(1) is absolute.[4]  Accordingly, as to the plaintiffs' seventh cause of action, the only issue remaining for trial is whether Security Aviation received reasonably equivalent value for any of IMF's services or expenses encompassed in the eight transfers itemized above.

An amended order on summary judgment motions will be entered consistent with this supplemental memorandum.

DATED:  April 1, 2011.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:      G. Spraker, Esq.
            M. Peterson, Esq.
            QC
                        04/01/11

---

[3] *See Universal Serv. Admin. Co., v. Post-Confirmation Comm. of Unsecured Creditors (In re Incomnet, Inc.)*, 463 F.3d 1064, 1069-71 (9th Cir. 2006); *Abele v. Modern Fin. Plans Serv., Inc. (In re Cohen)*, 300 F.3d 1097 (9th Cir. 2002).  An attorney's rights to the funds in his client trust account are discussed at length in the Summary Judgment Memorandum (Docket No. 60), at 23-27.

[4] *Incomnet, Inc.*, 463 F.3d at 1069, *citing Schafer v. Las Vegas Hilton Corp. (In re Video Depot, Ltd.)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997).