UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. A06-00455-DMD<br><br>MARK J. AVERY,<br><br>Debtor. | Chapter 7 |
| WILLIAM M. BARSTOW, TRUSTEE and SECURITY AVIATION, INC., an Alaska corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INGALDSON MAASEN & FITZGERALD, P.C.,<br><br>Defendant. | Adversary No. A08-90039-DMD |

Filed On
11/4/11

**MEMORANDUM ON CROSS MOTIONS FOR ATTORNEY FEES**

Pending before the court are two motions for awards of attorney fees. The plaintiffs (hereinafter collectively referred to as "Barstow") seek an award of fees in the sum of $48,810.00 and costs of $3,981.53. Barstow requests these sums as compensatory damages under 11 U.S.C. § 105(a) for the defendant's willful violation of the stay. In addition, Barstow seeks an award of fees in the sum of $8,687.82 under Alaska Civil Rule 82 based on the judgment entered on his state law conversion claim.

The defendant, Ingaldson Maassen & Fitzgerald, P.C. ("IMF"), has filed a cross motion for fees. It contends it is the prevailing party in this proceeding because six of the nine counts asserted in Barstow's complaint have been or will be dismissed. IMF says it should be awarded fees under § 105(a) and Alaska Civil Rule 82 in the sum of $9,477.04.

I have reviewed the fee motions, oppositions and replies, and considered the record herein in its entirety. I conclude that Barstow is entitled to a fee award under § 105(a), but in a lesser sum than he has requested. IMF's cross motion for fees will be denied.

Procedural History

This adversary proceeding was initiated just over three years ago, on October 22, 2008. Jury trial of this matter was scheduled for January 11, 2010, but rescheduled three times at the request of the parties. The first two continuances were granted so that the parties could explore settlement and participate in mediation.[1] These efforts were unsuccessful. The parties stipulated to a third continuance in June of 2010, because they were trying to coordinate several out-of-state depositions.[2] This court approved the stipulation, and trial was rescheduled for March 15, 2011. This matter did not go to trial, however, because after certain counts were resolved through summary judgment Barstow moved to dismiss the remaining, unresolved counts.

The gravamen of the action was IMF's alleged wrongful retention of funds which Barstow contended were property of Security Aviation. The total amount in controversy was $150,000.00. IMF had received the disputed funds prepetition as a retainer in connection with its defense of Robert Kane in a criminal matter. Security Aviation was

---

[1] *See* Proceeding Mem. filed Dec. 9, 2008 (Docket No. 10), at 2; Joint Mot. to Vacate Pretrial Deadlines and Vacate Trial Date Pending Mediation, filed Sept. 16, 2009 (Docket No. 18).

[2] Stipulation to Continue Current Trial Date and Pretrial Deadlines, filed June 22, 2010 (Docket No. 22).

also a named defendant in that matter, and was represented by separate counsel. Both Security Aviation and Kane were acquitted. The pre-bankruptcy history of Mark Avery, Kane, and Security Aviation is discussed in detail in this court's Summary Judgment Memorandum filed on March 31, 2011,[3] and is incorporated herein by reference.

Barstow sought judgment against IMF on nine distinct theories: professional negligence, breach of fiduciary duty, unjust enrichment, conversion, actual fraudulent conveyance under 11 U.S.C. § 548(a)(1)(A),[4] actual fraudulent conveyance under AS 34.40.010, constructive fraudulent conveyance under § 548(a)(1)(B), constructive fraudulent conveyance under § 548(a)(1)(B)(IV),[5] and violation of automatic stay and avoidance of post-petition transfers under §§ 362 and 549. To prevail on any of these counts, the trustee needed to establish that IMF's retainer came from Security Aviation's assets. IMF disputed this point, contending that the retainer was instead Kane's money. The trustee prevailed on this issue in the first round of summary judgment motions. I found that Security Aviation had an interest in IMF's $150,000.00 retainer.[6] Barstow was granted summary judgment on his fourth cause of action, conversion, and his ninth cause of action, for violation of the automatic stay and unlawful post-petition transfers, and awarded a total of $69,764.42 in damages.

---

[3] Summ. J. Mem., filed Mar. 31, 2011 (Docket No. 60) at 3-13.

[4] Unless otherwise indicated, all section references are to Title 11, United States Code.

[5] This reference should probably be to § 548(a)(1)(B)(ii)(IV).

[6] Am. Order on Summ. J. Mots., entered Apr. 1, 2011 (Docket No. 63).

3

Barstow also sought summary judgment on his seventh cause of action, constructive fraudulent conveyance under § 548(a)(1)(B). With regard to this count, I found that IMF made eight transfers from the retainer, for a total of $80,909.05, to pay its fees while Security Aviation was insolvent. I also found that IMF was an initial transferee under § 550(a)(1). The only issue remaining for trial on this count was whether Security Aviation had received reasonably equivalent value for any of IMF's services or expenses encompassed in these transfers. The balance of Barstow's summary judgment motion, on the breach of fiduciary duty and unjust enrichment counts, was denied. IMF's cross motion for partial summary judgment on the issue of unjust enrichment was granted and this count was dismissed, with prejudice. Summary judgment was also granted in IMF's favor on the plaintiff's count for breach of fiduciary duty and that count was also dismissed, with prejudice.

On April 28, 2011, the parties filed a second round of summary judgment motions. Barstow requested partial summary judgment on his seventh cause of action, constructive fraudulent conveyance. IMF sought partial summary judgment on the issue of estoppel. By order entered July 19, 2011, Barstow's motion was granted and he was awarded an additional $8,731.15 in damages.[7] IMF's motion was denied. The total damages awarded to Barstow are $78,495.57. Barstow subsequently moved for dismissal of all remaining counts and entry of final judgment. Both parties moved for attorney's fees.

---

[7] Order on Pls.' Suppl. Summ. J. Mot. and Def.'s Mot. for Partial Summ. J. on Issue of Estoppel, entered Jul. 19, 2011 (Docket No. 98).

Barstow seeks an award of $48,410.00 in fees and $3,891.53 in costs,[8] as compensatory damages under § 105(a) for IMF's violation of the stay. Although his counsel has incurred in excess of $72,000.00 in fees, Barstow says the fees requested under § 105(a) are limited to services related to the stay violation issue and the issue of whether IMF's retainer was property of Security Aviation.[9] As noted above, to prevail on any of the counts asserted in his complaint, Barstow needed to establish that the funds were Security Aviation's. Barstow contends he is also entitled to a fee award under Alaska Civil Rule 82 for the portion of the judgment to be entered on his state law conversion count, in the sum of $5,515.66.[10]

IMF opposes Barstow's motion. First, it argues that the costs Barstow requests are not allowable under D. Ak. LR 54.1, made applicable to adversary proceedings under AK LBR 1001-1(f)(1). IMF further contends most of Barstow's fees could have been avoided if he had moved for summary judgment on the stay violation count earlier in the case. Because Barstow failed to do this, IMF says it was put in the position where it had to litigate all of the trustee's claims, including the complex professional negligence claim which will now be dismissed. Further, because Barstow has prevailed on only three of the nine counts asserted in the complaint, IMF says his fees should be limited only to those incurred for the

---

[8] In his reply, Barstow redacted his computerized legal research expenses from his cost request. *See* Barstow's Opp. to IMF's Cross Mot. and Reply to IMF's Opp., filed Sept. 26, 2011 (Docket No. 105), at 13.

[9] *See* Barstow's Mot. for Award of Attorney Fees, filed Sept. 1, 2011 (Docket No. 102), at 10; Spraker Decl., filed Sept. 26, 2011 (Docket No. 106), at 2.

[10] Barstow's Opp.and Reply (Docket No. 105), at 7.

5

three counts on which he prevailed.[11]  Finally, IMF says that if the court is inclined to award enhanced attorney's fees under Rule 82, the award should be limited to 75% of Barstow's actual fees, or $36,547.50.

IMF's cross motion seeks an award of fees in the sum of $9,477.04.  It contends it is entitled to a fee award under § 105(a) for the fees it has incurred relating to the four counts on which it has prevailed, either by way of summary judgment or due to dismissal.  It says it expended more than 75% of its time on defending against the professional negligence claim, which Barstow has now moved to dismiss.  IMF incurred a total of $116,284.00 in fees.  75% of this sum is $87,213.00.  IMF applies the Rule 82 fee schedule to calculate an award of $9,477.04.[12]

Analysis

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'  This default rule can, of course, be overcome by statute.  It can also be overcome by an 'enforceable contract' allocating attorney's fees."[13]  Further, while "there is no general right to attorneys' fees for actions in bankruptcy," a prevailing party may be entitled to attorneys' fees under applicable state law.[14]

---

[11] Barstow's motion and Mr. Spraker's declaration are clear on this point; the fees requested by plaintiffs relate solely to the stay violation issue and the issue common to all counts – whether IMF's retainer came from property belonging to Security Aviation.

[12] IMF's Opp. to Mot. for Award of Attorney Fees and Cross Motion for Attorney Fees, filed Sept. 19, 2011 (Docket No. 104), at 7-8.

[13] *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (citations omitted).

[14] *Galam v. Carmel (In re Larry's Apartment, L.L.C.)*, 249 F.3d 832, 836 (9th Cir. 2001), *citing Collingwood Grain, Inc. v. Coast Trading Co.,* 744 F.2d 686, 693 (9th Cir. 1984).

There are two bases for a fee award here, one provided by bankruptcy statute and the other by state law. First, Barstow has been granted summary judgment on his count for IMF's violation of the automatic stay. A party injured by another's willful violation of the automatic stay may recover attorney's fees as damages. 11 U.S.C. § 362(k) mandates that an individual damaged by a willful violation of the stay "shall recover actual damages, including costs and attorneys' fees."[15] Neither of the plaintiffs here, a chapter 7 trustee and a corporation, may recover damages under § 362(k) because they are not considered "individuals."[16] However, trustees and corporations may recover attorney's fees and costs under § 105(a) as a sanction for ordinary civil contempt.[17] Unlike an award under § 362(k), such damages are discretionary.[18]

Under both §§ 362(k) and 105(a), "the threshold question" in determining whether to award fees as damages for violation of the stay "turns not on a finding of 'bad faith' or subjective intent, but rather on a finding of 'willfulness.'"[19] In this context, willfulness has a particularized meaning – "that the defendant knew of the automatic stay and

---

[15] 11 U.S.C. § 362(k)(1).

[16] *See Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 192-93 (9th Cir. 1995) (a trustee is not an "individual" for purposes of § 362(h), now numbered § 362(k) under the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005)); *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618-20 (9th Cir. 1993) (corporations and other business entities are not "individuals" under § 362(h)).

[17] *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189 (9th Cir. 2003); *Pace*, 67 F.3d at 193-94; *Goodman*, 991 F.3d at 620.

[18] *Dyer*, 322 F.3d at 1190; *Pace*, 67 F.3d at 193.

[19] *Dyer*, 322 F.3d at 1191.

7

that the defendant's actions which violated the stay were intentional."[20] The record here establishes that this threshold question can be resolved in Barstow's favor.[21] IMF knew of Security Aviation's bankruptcy filing.[22] IMF also knew the ramifications of the automatic stay; it has appeared in this court in prior bankruptcy proceedings and has sought relief from stay on behalf of a creditor.[23] IMF was aware, before the date Security Aviation's petition was filed, that Barstow claimed an interest in IMF's retainer.[24] IMF intended to make the transfers which violated the stay. The fact that IMF did not subjectively intend to violate the stay is immaterial.[25]

---

[20] *Id.*

[21] Barstow's Mot. for Award of Attorney Fees (Docket No. 102), at 4-9; *see also* Second Summ. J. Mem., filed Jul. 19, 2011 (Docket No. 97), at 13.

[22] IMF filed a claim in Security Aviation's bankruptcy case on behalf of Kane on January 19, 2007. Also, it appeared on behalf of Mr. Kane in an adversary proceeding which was pending in the Mark Avery bankruptcy case at the time the Security Aviation petition was filed. In this adversary proceeding, *Barstow v. Stockler*, Adv. No. A06-90059-DMD, as in the instant case, Barstow was attempting to recover assets and funds of Avery and his related entities, including Security Aviation, which had been placed into Stockler's trust account. IMF's retainer came from Stockler's trust account. These facts are detailed in this court's Summary Judgment Memorandum at Docket No. 60 and its Second Summary Judgment Memorandum at Docket No. 97.

[23] Mr. Fitzgerald filed a motion for relief from stay and, post-discharge, a motion for permission to execute, on behalf of a creditor in *In re Faller*, Main Case No. A02-00539 DMD. He has also entered appearances on behalf of creditors in other bankruptcy cases and, in one instance, represented a chapter 7 trustee in an adversary proceeding.

[24] Barstow's Mot. for Award of Attorney Fees (Docket No. 102), at 4-9.

[25] *Dyer*, 322 F.3d at 1191. IMF urges the court to adopt a standard for "negligent" violation of the stay, under the analysis it used on Barstow's conversion count. However, as noted herein, the Ninth Circuit has set out a specific standard for finding a willful violation of the stay. Further, this standard is not so dissimilar to the one I applied to determine intent in the context of finding conversion under Alaska law. A defendant's interference with property, for the purpose of finding a conversion, may be intentional even if the defendant mistakenly believed that he had the right to interfere with the property. The finding of intent is based upon the defendant's *act* that interfered with the property, not with the defendant's subjective intention to wrongfully interfere. *See* Order Den. Mot. for Recons., entered May 3, 2011 (Docket No. 81), which adopted the reasoning stated in Barstow's Opp'n to Mot. for Reconsid. (Docket No. 80).

This court may award Barstow actual damages flowing directly from IMF's stay violation, including reasonable attorney's fees and costs.[26] The Ninth Circuit has indicated that such damages must be limited solely to the stay violation,[27] and that the egregiousness of a party's conduct may be factored into the bankruptcy court's determination of whether to make such an award.[28] Barstow says he has limited his motion to the fees incurred in litigating two issues: Security Aviation's interest in IMF's retainer and IMF's stay violation. He argues that IMF has stalled and fought resolution of this case every inch of the way. IMF counters that Barstow should have mitigated his damages on the stay violation issue by seeking summary judgment earlier.

I do not feel that either position accurately portrays what has happened here. The parties agreed to continue trial of this matter, three times, over the first year and a half that this action was pending so that they could pursue settlement. None of the fees incurred in pursuit of settlement are related "solely" to the stay violation. Further, much of the information needed to establish Security Aviation's interest in the retainer was discovered in 2006 and 2007, before this adversary proceeding was filed.[29] Thus, it would appear that most of the fees for discovery-related services which are itemized in Barstow's motion relate to issues other than ownership of the retainer or violation of the stay. Additionally, because the issue of Security Aviation's interest in the retainer was common to of all Barstow's

---

[26] *Dyer*, 322 F.3d at 1195.

[27] *Id.*

[28] *Pace*, 67 F.3d at 193-94.

[29] Summ. J. Memorandum (Docket No. 60), at 19-24.

9

counts, it would be inappropriate to award the entirety of the fees incurred on this point as compensatory damages for the stay violation count alone.

On the other hand, after the parties had exhausted their settlement efforts and moved for summary judgment, IMF took positions with regard to the retainer and the stay violation which it simply could not support.[30] This fact alone would not justify a fee award under § 105(a).[31] However, this court is concerned with the fact that IMF transferred the remaining portion of its retainer, post-petition, when it had knowledge of Security Aviation's bankruptcy and its claim to those funds. From my perspective, this is the conduct which justifies an award under § 105(a). Barstow will be awarded a portion, but not all, of his requested fees and costs. His first summary judgment motion sought judgment on his claim for violation of the stay. Fees incurred in connection with the preparation and prosecution of this motion will be awarded as compensatory damages. Neither the fees that predate the drafting of the first summary judgment motion nor those that post-date Mr. Spraker's finalization of a sur-reply will be included in this award, however. Mr. Spraker billed a total of 111.2 hours from his initial drafting of the first summary judgment motion through his sur-reply, for a total of $24,464.00.[32] These fees only will be awarded as compensatory damages.

---

[30] *Id.*

[31] *See Dyer*, 322 F.3d 1195.

[32] The first fee entry for work on the summary judgment motion is found on October 1, 2010, and finalization of the sur-reply is found on January 1, 2011. *See* Barstow's Mot. for Award of Attorney Fees (Docket No. 102), Ex. A at 7-10.

Barstow also asks the court to award a portion of the costs he has incurred in this litigation. IMF contends Barstow is limited to costs allowable under D. Ak. LR 54.1, and that such costs should be taxed by the Clerk. However, the bankruptcy court has the discretion to award costs as compensatory damages under § 105(a). Barstow's cost itemization includes the adversary filing fee and the cost for two depositions. Attorney travel expenses for the first deposition (Louise Ma, located in San Francisco), were also itemized. Both depositions were pertinent to the issue of IMF's knowledge and intent. The deposition expenses will be allowed. Barstow has agreed to deduct the computerized research charges from his request. Further, the mediation fee of $675.00 will not be awarded as a cost under § 105(a) because the mediation efforts were not exclusive to the stay violation issue. I conclude that the remaining costs, $3,399.33, are allowable as compensatory damages. Accordingly, Barstow's motion for fees under § 105(a) will be granted. He will be awarded fees in the sum of $24,464.00 and costs of $3,399.33, for total compensatory damages of $27,863.33.

Both Barstow and IMF also seek a fee award under applicable state law. Barstow alleged several state law counts: professional negligence, breach of fiduciary duty, unjust enrichment, conversion, and actual fraudulent conveyance under AS 34.40.010. Alaska Civil Rule 82 permits a prevailing party to recover attorney's fees in a civil action. The trial court has broad discretion in determining who is the "prevailing party" for purposes of a fee award under Rule 82.[33] A plaintiff may be considered the prevailing party even if

---

[33] *Progressive Corp. v. Peter ex. rel. Peter*, 195 P.3d 1083, 1092 (Alaska 2008).

several of its counts were dismissed or it failed to obtain all of the relief prayed for.[34] "The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and the judgment entered.'"[35]

   While both parties contend they are the prevailing party, I feel it is clear that Barstow is the one in this position. He did not prevail on all of his counts, but succeeded on the "main issue" in this case – IMF's alleged wrongful retention of funds which Barstow contended were property of Security Aviation. IMF's assertion that the major focus of this action was the professional negligence count is simply not supported by the record. None of the summary judgment motions addressed this count. While this may have been the issue of greatest concern to IMF, IMF also recognized that the action involved several claims, all of which revolved around the source and ownership of its retainer.[36] Barstow not only prevailed on the main issue, he prevailed on three of his counts for recovery of the funds and will obtain a judgment for $78,495.57. Under these circumstances, IMF cannot bootstrap itself into the position of a prevailing party based on the fact that Barstow's remaining counts have been or will be dismissed.

   Barstow was awarded $69,764.42 on his state law claim for conversion. A portion of this award, $35,764.42, is also related to IMF's stay violation. Barstow has deducted this amount from the total conversion award, leaving a balance of $34,000.00. He

---

[34] *Id.*

[35] *Id.*, citing *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1327 (Alaska 1993).

[36] *See* IMF's Mot. for Protective Order, filed Nov. 8, 2010 (Docket No. 30), at 3; Cert. of Counsel, filed Nov. 8, 2010 (Docket No. 30-2), at 2.

has calculated fees on this lesser sum, plus prejudgment interest, in accordance with the schedule found in Rule 82(b)(1), and requests an additional fee award of $5,515.66. However, the court may vary this award based upon a variety of factors, including "equitable factors" that it deems relevant.[37]  Here, Barstow is already receiving a sizeable fee award under § 105(a), well in excess of what he could recover under Rule 82.  For this reason, I will decline to award additional fees under Rule 82.

Conclusion

Barstow's motion for attorney's fees will be granted, in part.  He will be awarded fees in the sum of $24,464.00 and costs of $3,399.33, for a total of $27,863.33.  This sum is awarded under § 105(a) as compensatory damages for IMF's willful violation of the stay.  Barstow's request for additional fees under Rule 82 will be denied.  IMF's cross motion for fees will also be denied.

An order will be entered consistent with this memorandum.

DATED:  November 4, 2011

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    G. Spraker, Esq.
         M. Peterson, Esq.

         11/04/11

---

[37] Alaska Civil Rule 82(b)(3)(K).

13